# McNicholas *v.* Moran, Appellant.

*Deed—Delivery—Evidence.*

In an action of ejectment by a brother against a sister to recover an undivided one-third interest in a farm, a verdict and judgment for the plaintiff will be sustained, where the evidence for the plaintiff tends to show that the father of plaintiff and defendant was in his lifetime the owner of the farm, that he had one other child, a daughter, that he executed a deed of the farm, in which his wife joined, to the two daughters, but did not deliver the deed, that subsequently the other daughter conveyed to the defendant her interest, and that defendant borrowed the deed from her mother, and without her father's or mother's knowledge had the deed recorded.

Argued Oct. 20, 1902. Appeal, No. 149, Oct. T., 1902, by defendants, from judgment of C. P. Greene Co., Oct. T., 1898, No. 171, on verdict for plaintiff, in case of John W. McNicholas v. Michael Moran, Bridget Moran and Jacob Henthorn. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for a one-third interest in land in Springhill township. Before Crawford, P. J.

At the trial it appeared that the land in dispute was owned by Thomas McNicholas in his lifetime. McNicholas had three children, John W. McNicholas, Bridget Moran and Mary A. Kimble. On October 6, 1887, Thomas McNicholas and his wife, Nancy A. McNicholas, executed a deed for the farm to his two daughters. This deed was made at a time when plaintiff was away from home. The evidence for the plaintiff, contradicted by that of the defendant, tended to show that the deed was not delivered, and that it remained in possession of the grantors. In 1890, Mrs. Kimble conveyed her interest to Mrs. Moran. The evidence for the plaintiff tended to show that prior to this conveyance, Mrs. Moran went to her mother and borrowed the deed to herself and sister, for the purpose of securing the description from the deed for the deed from her sister to herself. Mrs. Moran then had the deed recorded without the knowledge or consent of her father or mother. Thomas McNicholas died on March 19, 1891. His widow continued to

live on the land to 1898, when she went to live with her son, and continued to live with him until her death in September, 1900. The writ in this case was issued on August 31, 1898. Although the widow was made a party defendant, the jury was not sworn as to her.

Defendant presented these points, amongst others :

1. The plaintiff having brought this suit in the lifetime of Nancy A. McNicholas, widow of Thomas McNicholas, deceased, and having made her a party defendant and having set out in his specification of special matter, upon which he relies to recover in this suit, " that at the time such deed (meaning the deed of Thomas McNicholas and wife to Bridget Moran and Mary A. Kimble, dated October 6, 1887) was executed, it was expressly stated that it was not to be delivered until after the death of Thomas McNicholas and Nancy McNicholas, his wife, or the survivor of them," and having offered evidence to that effect, the plaintiff by his own admissions and proof was not in a position to maintain this action at the time the writ in this case was issued and served upon defendants, as he at that time had not the right of possession to said lands or any part thereof, and therefore the verdict of the jury must be for the defendants. *Answer :* Refused. [1]

2. That under the law and the evidence, the verdict of the jury should be for the defendants. *Answer :* Refused. [2]

Verdict and judgment for plaintiff. Defendants appealed.

*James J. Purman*, with him *James E. Sayers*, for appellants.

*R. E. Downey*, with him *J. W. Ray* and *H. B. Axtell*, for appellee.

PER CURIAM, November 10, 1902 :

We find no error in the record which calls for a reversal. The joining of the widow as a party defendant was an inadvertence, and the jury was not sworn as to her. The question of the delivery of the deed was for the jury, and it was properly submitted.

The judgment is affirmed.